**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:12-CV-00074-JHM**

**STANFORD KINSLOW, ET AL.,**                               **PLAINTIFF**

**V.**

**FIFTH THIRD BANK, INC.**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's motion to dismiss Plaintiffs' complaint for failure to state a claim. [DN 10]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **grants** the Defendant's motion.

**I. STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader

is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. BACKGROUND

Briefly stated, the Defendant, Fifth Third Bank, discovered one of its borrowers, Eastern Livestock Co., LLC was involved in a check-kiting scheme. The Plaintiffs sold cattle to Eastern Livestock and received checks from Eastern Livestock in payment. The Defendant filed suit in Ohio against some of the entities and individuals, including Plaintiffs, which it believed had received funds stolen by Eastern Livestock. The Ohio lawsuit was dismissed against the Plaintiffs for lack of personal jurisdiction. Thereafter, Plaintiffs filed an abuse of process claim in Barren Circuit Court against Defendant, which was removed to this Court. In their complaint, Plaintiffs allege that the Defendants filed suit against them in the state of Ohio with the ulterior purpose of attempting to intimidate and coerce them to abandon claims against Defendant and to secure a release from the Plaintiffs.

The Defendant has moved to dismiss the abuse of process claim alleged here on the basis that Ohio law applies and the allegations do not support such a claim under Ohio law. Alternatively, Defendant argues that Plaintiffs have not even stated a claim under Kentucky law.

The Plaintiffs apparently concede the fact that should Ohio law apply, their complaint fails to state a claim. Instead, Plaintiffs argue that the choice of law question is to be determined by the law of Kentucky, and in Kentucky, for tort claims, the conflicts question is to be determined on the basis of whether Kentucky has enough contacts to justify applying Kentucky law. "[I]f there are significant contacts—not necessarily the most significant contacts—with Kentucky, the Kentucky law should be applied." Foster v Leggett, 484 S.W.2d 827, 829 (1972). Furthermore, when the court has jurisdiction of the parties, "[t]he basic law is the law of the forum, which should not be

displaced without valid reasons." Id. The Sixth Circuit has noted that "Kentucky courts have apparently applied Kentucky substantive law whenever possible." Harris Corp. V. Comair, Inc., 712 F.2d 1069, 1071 (6th Cir. 1983).

The Defendant argues that any contacts with Kentucky are too tenuous to justify applying Kentucky law. It argues that the suit was filed in Ohio, process originated in Ohio, Plaintiff's hired counsel in Ohio, any offer of settlement was made in Ohio, and an Ohio court entered the final decision in the suit. Plaintiffs, on the other hand, point out that the Plaintiffs are residents of Kentucky, that Defendant does business in Kentucky, that the process was served upon them in Kentucky, that the Ohio litigation was instituted for the ulterior purpose of coercing the Plaintiff into releasing Defendants from a liability arising from conduct which caused harm in Kentucky.

While not the most significant, the Court finds that there are enough significant contacts to justify applying Kentucky law under these circumstances. However, even applying Kentucky law, the Court finds the Plaintiffs' complaint fails to state a claim upon which relief can be granted. First, while the complaint alleges all the elements of an abuse of process claim under Kentucky law, it does so in a conclusory fashion. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiffs have attempted to fill in a few of the factual details in their briefing, however, nothing but conclusions can be found in the complaint. The motion to dismiss should be granted on those grounds alone.

Even considering the "facts" alleged in the briefing, the Court believes the abuse of process claim would still fail. Kentucky law requires not only an ulterior purpose but a wilful act in the use of the process not proper in the regular conduct of the proceeding. Bonnie Braes Farms Inc.v.

Robinson, Ky.App., 598 S.W.2d 765 (1980). There is no liability for abuse of process where the defendant, even though harboring bad intentions, has done nothing other than carry out the process to its authorized conclusions. What is required is some form of coercion to obtain a collateral advantage which is not properly involved in the proceeding itself. See Simpson v. Laytart, 962 S.W.2d 392 (Ky. 1998). As the Defendant has argued, the parties both had potential claims against each other arising from their involvement with Eastern Livestock.[1] The fact that the Defendant filed suit first in Ohio is not an abuse of process. The fact that defending the suit in Ohio was a financial hardship for the Plaintiffs is not an abuse of process. And even if the Defendant offered to dismiss the suit in exchange for a release of all claims Plaintiffs may have against the Defendant, that is what is properly done in litigation of this sort, where two parties have potential claims against each other. The Plaintiffs cannot prove a wilful act in the use of the process not proper in the regular conduct of the proceeding.

Therefore, the Court finds that the Plaintiffs' complaint fails to state a claim upon which relief can be granted and the motion to dismiss is **granted.**

cc: counsel of record

---

[1] Plaintffs do not bring a malicious prosecution claim.